Nathan R. Ring, Oregon State Bar No. 172663
E-mail: Nring@stranchlaw.com
Stranch, Jennings & Garvey, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Telephone: 725-235-9750
*Attorneys for Plaintiff Heidi Woebbeking*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HEIDI WOEBBEKING, *individually and on behalf of those similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> SHARI'S MANAGEMENT CORPORATION; GATHER HOLDINGS GUARANTEE, LLC, <br><br> Defendant. | Case No. _____ <br><br><br><br><br> **COMPLAINT - CLASS ACTION** <br><br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Heidi Woebbeking ("Plaintiff"), individually and on behalf of those similarly situated former employees as defined herein, brings this suit against Shari's Management Corporation, Gather Holdings, LLC, and Gather Holdings Guarantee, LLC ("Defendants"), by way of this Class Action Complaint, alleging as follows:

### NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff

Page 1
COMPLAINT- CLASS ACTION

Stranch, Jennings & Garvey, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Telephone: 725-235-9750

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

10. At all times herein relevant, the Representative Plaintiff was and is a member of the Nationwide class (as defined below).

11. Plaintiff Heidi Woebbeking is a citizen of the United States and resident of Portland, Oregon. Plaintiff was employed by Defendant at all relevant times at the Facility. She was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). She was terminated without cause and did not receive 60 days' notice of her termination.

12. Defendant Shari's Management Corp. is incorporated in Oregon, registered to do business in Oregon, with a corporate headquarters located at 8285 SW Nimbus Ave Suite 150, Beaverton, Oregon 97008. As registered with the Oregon Secretary of State, Shari's Management Corp. may be served via its registered agent, CT Corporation System, 780 Commercial Street SE, Suite 100, Salem, Oregon 97301.

13. Defendant Gather Holdings Guarantee, LLC, is incorporated in Delaware. Upon information and belief, Defendant Gather Holdings Guarantee controlled and owned Shari's Management Corporation. As registered with the Delaware Secretary of State, Defendant Gather Holdings Guarantee, LLC, may be served via its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilimgton, DE 19801.

Page 3
COMPLAINT- CLASS ACTION

Stranch, Jennings & Garvey, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Telephone: 725-235-9750

20. Over the years, Shari's Management Corporation's ownership shifted. In 2005, it was acquired by Circle Peak Capital. And in 2016, it was acquired by CapitalSpring, which exited the investment years ago.

21. Starting in 2017, however, ownership has shifted to Defendant Gather Holdings Guarantee, led by Sam Borgese, who took the helm of Shari's.

22. Sam Borgese is the "sole managing member" of Defendant Gather Holdings Guarantee, LLC.

23. Therefore, Defendants all share common ownership and officers—Shari's Management Corporation is, upon information and belief, owned by Defendant Gather Holdings Guarantee LLC.

24. Together, Defendants collectively ran the Shari's operation and were responsible at all relevant times for business decisions, including setting material conditions of employment.

25. Defendant Gather Holdings Guarantee, LLC, had full authority to execute business decisions on behalf of Shari's Management Corporation. For example, in June 2023, Defendant Gather Holdings announced it received an undisclosed investment from private investment firm MGG Investment Group to bolster the financial health of the 42 Shari's locations in Oregon.

26. On behalf of Defendant Gather Holdings Guarantee, LLC, Borgese announced, in a press release, that "[t]he new capital will ensure our restaurants can continue their recoveries from the challenges presented by the COVID-19 pandemic . . . . I am grateful for the determination, resilience and grit of our restaurant operators and support center employees who stood by the business and are the reason we are position[ed] for success."

Page 5
COMPLAINT- CLASS ACTION

Stranch, Jennings & Garvey, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Telephone: 725-235-9750

34. Defendants did not provide proper WARN Act Notice, 60 days' in advance, as required by 29 U.S.C. §§ 2101 *et seq.* even though they planned to abolish, terminate, and/or layoff at least 50 employees and 33% of the employees employed there.

35. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b).

36. By failing to provide its affected employees who were temporarily or permanently terminated on or around October 20, 2024, with proper WARN Act Notices and other benefits, Defendant acted willfully and cannot establish that they had any reasonable grounds or basis for believing their actions were not in violation of the WARN Act.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings this WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class:

> All employees of Defendants who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of October 20, 2024.

38. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

   a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

   b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendants provided adequate notice of their mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

Page 7
COMPLAINT- CLASS ACTION

Stranch, Jennings & Garvey, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Telephone: 725-235-9750

## COUNT I
## VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq.*
### (*On behalf of Plaintiff and the putative class*)

42. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

43. Defendants are an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1). As described above, the three entities acted as a joint and/or single employer at all material times within the meaning of 20 C.F.R. § 639.3(a)(2).

44. Plaintiff and the putative class were at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

45. The October 20, 2024 terminations resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees. Any terminations occurring within any 90-day period may be aggregated. 29 U.S.C. § 2102(d).

46. For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the Facility constitutes a single site of employment in that each employee's facility was the location to which relevant employees were assigned as the home base, the place from which work was assigned, and the place to which they reported for work.

47. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

Page 9
COMPLAINT- CLASS ACTION

Stranch, Jennings & Garvey, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Telephone: 725-235-9750

3. A judgment against Defendant and in favor of Plaintiff and the putative class for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4. A judgment against Defendant and in favor of Plaintiff and the putative class for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and the putative class during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5. A finding that Defendant's violations of the WARN Act were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6. A judgment against Defendant and in favor of Plaintiff and the putative class for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

Dated: November 12, 2024

Respectfully submitted,

/s/ *Nathan R. Ring, Esq.*
Nathan R. Ring, Oregon State Bar No. 172663
E-mail: Nring@stranchlaw.com
Stranch, Jennings & Garvey, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Telephone: 725-235-9750

Page 11
COMPLAINT- CLASS ACTION

Stranch, Jennings & Garvey, PLLC
3100 W. Charleston Blvd., Ste. 208
Las Vegas, NV 89102
Telephone: 725-235-9750